IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELVIN MERRITT, # B78207,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00670-JPG |
| | ) |
| **LT. SKORZA,** | ) |
| **C/O REDNOUR,** | ) |
| **C/O TORREVILLE, and** | ) |
| **LT. MITCHELL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kelvin Merritt, an inmate in Menard Correctional Center ("Menard"), has filed a Motion for Order of Protection (Doc. 1). Although no dates are given in the motion, Plaintiff indicates that he recently transferred back to Menard, after being housed at another institution for a period of time. He contends that he has a painful shattered hand, and the defendant correctional officers at Menard have threatened him and denied him access to a doctor, permitting him to only be seen by a med-tech. Plaintiff is also being denied medication for his one eye. Plaintiff asserts that he is in imminent danger and he fears for his life.

Plaintiff's motion was filed without reference to any case number. Plaintiff does have a pending case in this district, *Merrit v. Skorza, et al.*, No. 11-cv-00706-MJR-SCW. However, only one of the three named defendants listed in the caption of the motion is a defendant in that pending action. Moreover, the incidents at issue in Case No. 11-cv-00706-MJR-SCW occurred while Plaintiff was housed at Pinckneyville Correctional Center, not at Menard. Thus, the two matters are unrelated and this new case was opened.

Plaintiff's new case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

The Court questions whether Plaintiff intended to initiate a new case and thereby incur the $400.00 filing fee ($350.00 if Plaintiff were granted Pauper status). Plaintiff did not file a complaint *per se*; he only filed a motion. The filing fee was not paid, nor did he seek leave to proceed *in forma pauperis*. There is also no indication that Plaintiff has attempted to exhaust administrative remedies, which is required under 28 U.S.C. § 1997e(a), regardless of whether Plaintiff faces imminent harm. *See Fletcher v. Menard*, 623 F.3d 1171 (7th Cir. 2010).

Because Plaintiff's motion is unrelated to his pending case, there is no basis for invoking the Court's jurisdiction, unless a new case is opened. *See Bell v. Hood,* 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago,* 431 F.3d 1065, 1069-70 (7th Cir. 2005). As drafted, the motion cannot fill the bill. *See* FED.R.CIV.P. 3 and 8.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order of Protection (Doc. 1) is **DENIED** without prejudice. On or before August 15, 2013, Plaintiff shall file a complaint, thereby properly initiating an action. He should reference the case name and number of this present action, *Merrit v. Skorza, et al*., No. 13-cv-00670-JPG. If Plaintiff still seeks injunctive relief, he must file a new motion. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal

shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations.

**IT IS SO ORDERED.**

**DATED:  July 15, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**